UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| T.C., | * * * |
| Petitioner, | * * |
| v. | * Civil Action No. 24-CV-12458-ADB * |
| BRIAN A. KYES, | * * |
| Respondent. | * * * |

**<u>MEMORANDUM AND ORDER</u>**

BURROUGHS, D.J.

On August 1, 2025, this Court denied Petitioner T.C.'s petition for a writ of habeas corpus, which sought relief from an order certifying his extradition to the Republic of Türkiye. [ECF No. 31]. Petitioner promptly appealed, [ECF No. 33], and then moved this Court to stay his extradition pending appellate review of this Court's ruling and for seven days following any certification of extradition by the Secretary of State, [ECF No. 34]. Respondent assented to Petitioner's request for a seven-day stay in the event that the Secretary issues a surrender warrant, but opposed a stay pending appeal. [ECF No. 37]. For the reasons that follow, the Court **DENIES** Petitioner's motion, except as consented to by Respondent.

Before seeking a stay pending appeal from the court of appeals, a party "must ordinarily move first in the district court," Fed. R. App. P. 8(a)(1), but the standard governing its issuance is "generally the same" in both, <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987). A stay is "'an exercise of judicial discretion' and '[t]he propriety of its issue is

1

dependent upon the circumstances of the particular case.'" Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672–73 (1926)).  To obtain a stay, Petitioner must "(1) make a 'strong showing that [he is] likely to succeed on the merits' in [his] appeal; (2) show that [he] 'will be irreparably injured absent a stay'; (3) show that 'issuance of the stay will [not] substantially injure the other parties interested in the proceeding'; and (4) show that the stay would serve 'the public interest.'"  New York v. Trump, 133 F.4th 51, 65 (1st Cir. 2025) (quoting Nken, 556 U.S. at 434).  "The first two factors . . . are the most critical."  Nken, 556 U.S. at 434.

Here, the Court finds that Petitioner has not made a strong showing that he is likely to succeed on the merits of his appeal.  Petitioner argues that, "despite contrary caselaw," he is likely to prevail on appeal on his argument that the governing treaty requires "formal accusations or legal proceedings" for extradition.  [ECF No. 34 at 6].  The Court disagrees.  There is a formidable body of caselaw finding that the use of the term "charged" in a treaty does not require formal charges, [ECF No. 31 at 11], and the two cases that Petitioner cites in his motion, [ECF No. 34 at 7], do not support his argument, see Vitkus v. Blinken, 79 F.4th 352, 363 (4th Cir. 2023) (discussing treaty, which, unlike treaty here, required request for extradition to include "a copy of the charging document"); Aguasvivas v. Pompeo, 984 F.3d 1047, 1055 (1st Cir. 2021) (similarly discussing treaty that required inclusion of "a copy of the document setting forth the charges").  Petitioner also argues that he may succeed on the merits of "a forthcoming habeas petition," [ECF No. 34 at 8], but the Court agrees with Respondent that this argument is premature, see [ECF No. 37 at 7], and certainly does not justify a stay of the Court's ruling on his current petition.

Because Petitioner's case on the merits is weak, he faces an uphill battle. See Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." (quoting New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002))); see also W Holding Co. v. AIG Ins. Co.-Puerto Rico, 748 F.3d 377, 383 (1st Cir. 2014) ("'[L]ikelihood of success is the main bearing wall' of this 'framework'" (quoting Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996))). Petitioner argues that his extradition would moot his pending legal challenges and that he faces the prospect of up to five years of detention in "severe, potentially life-threatening conditions" in the Republic of Türkiye. [ECF No. 34 at 9–10]. The Court does not minimize these concerns, which may well be valid, but they are not unique to Petitioner and do not automatically entitle him to a stay. See Venckiene v. United States, 929 F.3d 843, 864 (7th Cir. 2019) (noting that mootness "is the harm facing every petitioner who lacks meritorious habeas corpus claims challenging an impending extradition" and that "humanitarian considerations are left to the executive branch"). Under the First Circuit's "sliding scale" approach to irreparable harm, Braintree Lab'ys, Inc. v. Citigroup Global Markets Inc., 622 F.3d 36, 42 (1st Cir. 2010) (citation omitted), given the weakness of Petitioner's showing on the merits, even his assertions of a risk of serious harm do not carry the day. In this connection, the Court notes that the cases that Petitioner cites to support his argument for a stay based on irreparable injury, see [ECF No. 34 at 9–10], involved much more difficult, and unsettled, legal issues than this case. See Noriega v. Pastrana, No. 07-cv-22816, 2008 WL 331394, at *3 (S.D. Fla. Jan. 31, 2008) (involving "unique legal issues"); Martinez v. United States, No. 14-cv-

00174, 2014 WL 4446924, at *4 (M.D. Tenn. Sept. 9, 2014) ("rarely-litigated and difficult issues" on which "there is particularly a dearth of precedent in this circuit"); Liuksila v. Turner, No. 16-cv-00229, 2018 WL 6621339, at *1 (D.D.C. Dec. 18, 2018) ("serious and substantial legal questions on the merits" that challenged precedent that "the court [had] urged the D.C. Circuit to revisit").  Finally, Respondent's agreement to a seven-day stay diminishes the prospect of irreparable injury and, "[t]o the extent that [Petitioner] seeks further judicial review," will give him "sufficient time to file a motion to stay with the First Circuit," Taylor v. McDermott, No. 20-cv-11272, 2021 WL 330053, at *1 (D. Mass. Feb. 1, 2021), in addition to any other habeas petitions that he may file in the future, see [ECF No. 34 at 6].

Because Petitioner has not carried his burden under the first two stay factors, the Court need not consider the remaining factors.  Petitioner's opposed motion for a stay pending appeal, [ECF No. 34], is **DENIED**.  With Respondent's consent, Petitioner's extradition shall be stayed for seven days following any decision by the Secretary of State to issue a warrant for Petitioner's surrender.

**SO ORDERED.**

August 22, 2025                                                      */s/ Allison D. Burroughs*
                                                                                  ALLISON D. BURROUGHS
                                                                                  U.S. DISTRICT JUDGE